Nos. 2012-1649, -1650

IN THE

# United States Court of Appeals

## FOR THE FEDERAL CIRCUIT

SOVERAIN SOFTWARE LLC,

*Plaintiff-Appellee,*

V.

VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, LLC,

*Defendant-Appellant,*

and

AVON PRODUCTS, INC.,

*Defendant-Appellant,*

Appeal from the United States District Court for the Eastern District
of Texas in Case No. 09-CV-0274, Chief Judge Leonard Davis

### PLAINTIFF-APPELLEE SOVERAIN SOFTWARE LLC'S
### PETITION FOR REHEARING EN BANC

George E. Quillin
Andrew S. Baluch
FOLEY & LARDNER LLP
3000 K Street, NW, Suite 600
Washington, D.C.  20007

Jeffrey A. Lamken
Martin V. Totaro
MOLOLAMKEN LLP
The Watergate, Suite 660
600 New Hampshire Avenue, NW
Washington, D.C.  20037
(202) 556-2000 (telephone)
(202) 556-2001 (fax)
jlamken@mololamken.com

*Counsel for Plaintiff-Appellee Soverain Software LLC*

# CERTIFICATE OF INTEREST

Counsel for Plaintiff-Appellee Soverain Software LLC certifies the following:

1.     The full name of every party represented by me is:

> Soverain Software LLC

2.     The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

> N/A

3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me are:

> None

4.     The names of all law firms and the partners or associates that appeared for the party now represented by me in the trial court or are expected to appear in this court are:

> MoloLamken LLP:  Jeffrey A. Lamken, Martin V. Totaro

> Foley & Lardner LLP:  George E. Quillin, Andrew S. Baluch

> Quinn Emanuel Urquhart & Sullivan, LLP:  David Nelson, Robert B. Wilson, Edward J. DeFranco, James M. Glass, Anastasia M. Fernands, Kate E. Cassidy, Carlos Rodriguez, Keith H. Forst, Stephen Smith

> Siebman Burg Phillips & Smith, LLP:  Michael C. Smith

Dated:  March 16, 2015                    By:  /s/ Jeffrey A. Lamken
                                          Jeffrey A. Lamken
                                          *Counsel for Plaintiff-Appellee*
                                          *Soverain Software LLC*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

STATEMENT OF COUNSEL ..................................................................1

INTRODUCTION .................................................................................1

BACKGROUND ...................................................................................3

REASONS FOR GRANTING THE PETITION.......................................5

I.　En Banc Review Is Warranted To Resolve the Inter- and Intra-Circuit Conflicts on Whether Parties Asserting Preclusion Bear the Burden of Proving the Defense's Elements .......................................................6

　　A.　This Court's Rule Departs from the Decisions of Virtually Every Court of Appeals To Have Considered the Issue ......................................6

　　B.　This Court's Rule—Which Places the Burden on Plaintiffs Resisting Preclusion—Is Incorrect..............................................................9

II.　En Banc Review Is Warranted To Decide Whether This Court's or Regional Circuit Law Governs Preclusion in Patent Cases ...........................14

CONCLUSION ...................................................................................15

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Alevras v. Tacopina*, 226 F. App'x 222 (3d Cir. 2007) ............................................7

*Barger v. City of Cartersville, Ga.*, 348 F.3d 1289 (11th Cir. 2003) .......................8

*Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Centra*, 983 F.2d 495 (3d Cir. 1992) ....................................................................7

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971) ..................................................................................................*passim*

*Blumcraft of Pittsburgh v. Kawneer Co.*, 482 F.2d 542 (5th Cir. 1973) ....................................................................................12, 13, 15

*Carter-Wallace, Inc. v. United States*, 496 F.2d 535 (Ct. Cl. 1974) ......................13

*Collins v. Pond Creek Mining Co.*, 468 F.3d 213 (4th Cir. 2006)........................1, 7

*Comair Rotron, Inc. v. Nippon Densan Corp.*, 49 F.3d 1535 (Fed. Cir. 1995)..............................................................................1, 2, 8, 11

*Dana Corp. v. NOK, Inc.*, 882 F.2d 505 (Fed. Cir. 1989) .......................................6

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) ......................................9

*Firishchak v. Holder*, 636 F.3d 305 (7th Cir. 2011).........................................1, 2, 7

*Flaherty v. Lang*, 199 F.3d 607 (2d Cir. 1999)........................................................8

*Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389 (5th Cir. 2001)...................................................................................................13

*Kariuki v. Tarango*, 709 F.3d 495 (5th Cir. 2013) .................................................13

*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008) ...................................7

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616 (Fed. Cir. 1995)...................................................................................................13

*Miss. Chem. Corp. v. Swift Agric. Chems. Corp.*, 717 F.2d 1374
(Fed. Cir. 1983) ..................................................................................2, 6, 12

*Molinaro v. Fannon/Courier Corp.*, 745 F.2d 651 (Fed. Cir. 1984) ......................6

*Nat'l Am. Ins. Co. v. United States*, 498 F.3d 1301 (Fed. Cir. 2007) .....................11

*Nguyen ex rel. U.S. v. City of Cleveland*, 534 F. App'x 445
(6th Cir. 2013) .........................................................................................7

*Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373
(Fed. Cir. 1999) .................................................................................6, 15

*Proctor v. LeClaire*, 715 F.3d 402 (2d Cir. 2013) ...........................................8

*RF Del., Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255
(Fed. Cir. 2003) ........................................................................................8

*Schreiber v. Philips Display Components Co.*, 580 F.3d 355
(6th Cir. 2009) .........................................................................................7

*Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404
(9th Cir. 1985) .......................................................................................14

*Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292
(10th Cir. 2014) .......................................................................................7

*Stevenson v. Sears, Roebuck & Co.*, 713 F.2d 705 (Fed. Cir. 1983) .............7, 12, 13

*Taylor v. Sturgell*, 553 U.S. 880 (2008) ..................................................9, 12, 13

*Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831 (2015) ...............................9

*Triplett v. Lowell*, 297 U.S. 638 (1936) ....................................................10

*United States v. Krezdorn*, 718 F.2d 1360 (5th Cir. 1983) (en banc) .....................13

*United States v. Shanbaum*, 10 F.3d 305 (5th Cir. 1994) .......................................14

*Vardon Golf Co. v. Karsten Mfg. Corp.*, 294 F.3d 1330
(Fed. Cir. 2002) ..............................................................................3, 14, 15

iii

## STATUTES AND RULES

35 U.S.C. § 299(a) ............................................................................12

35 U.S.C. § 299(b) ...........................................................................12

Fed. R. Civ. P. 8(c)............................................................................9

## OTHER AUTHORITIES

18 Wright *et al.*, *Federal Practice & Procedure* § 4405 (2d ed.) ............................9

## STATEMENT OF COUNSEL

Based on my professional judgment, I believe the panel decision is contrary to decisions of other U.S. Courts of Appeals, including *Collins v. Pond Creek Mining Co.*, 468 F.3d 213 (4th Cir. 2006), and *Firishchak v. Holder*, 636 F.3d 305 (7th Cir. 2011), as well as this Court's decision in *Comair Rotron, Inc. v. Nippon Densan Corp.*, 49 F.3d 1535 (Fed. Cir. 1995).

Based on my professional judgment, I believe this appeal requires answers to precedent-setting questions of exceptional importance:

(1)    Whether an accused infringer asserting the affirmative defense of issue preclusion bears the burden of proving that the patentee had a full and fair opportunity to litigate the issue in the prior case—or whether, as the panel held in this case, the *patentee* has the burden of proving it lacked that full and fair opportunity.

(2)    Whether issue preclusion in patent cases is governed by the law of this Circuit or, instead, by the law of the regional circuit where the trial court sits.

Date:  March 16, 2015

/s/ Jeffrey A. Lamken
Jeffrey A. Lamken
*Counsel for Plaintiff-Appellee*
*Soverain Software LLC*

## INTRODUCTION

The defense of collateral estoppel or issue preclusion entitles defendants to judgment on any "issue that *has been fully and fairly tried* in a prior action and decided against the plaintiff." *Comair Rotron, Inc. v. Nippon Densan Corp.*, 49

F.3d 1535, 1537 (Fed. Cir. 1995) (emphasis added).  In general, parties asserting an affirmative defense (like preclusion) bear the burden of establishing each element of the defense.  Consistent with that, court after court has concluded that the "party asserting collateral estoppel bears the burden of establishing" every element of that defense, including "that the earlier opportunity to litigate was full and fair." *Firishchak v. Holder*, 636 F.3d 305, 309 (7th Cir. 2011).

In this case, however, the panel followed the opposite rule:  Consistent with several decisions of this Court, the panel ruled that "a judgment of invalidity will not have a preclusive effect *if a patentee can demonstrate* that it did not have a full and fair opportunity to litigate the issue."  Op. 8 (emphasis added).  The panel's decision exacerbates an inter-circuit conflict between this Court's rule for patent cases and the federal preclusion rule followed by virtually every other court of appeals to have addressed the issue outside the patent context.  The question— whether the plaintiff or defendant bears the burden of showing a prior full and fair opportunity to litigate—has also divided panels of this Court.  *Compare Miss. Chem. Corp. v. Swift Agric. Chems. Corp.*, 717 F.2d 1374, 1377 (Fed. Cir. 1983) (requiring the patentee to *disprove* it had a full and fair opportunity to litigate), *with Comair Rotron*, 49 F.3d at 1537 (defendant invoking defense of issue preclusion "must show that in the prior action the party against whom estoppel is sought had a full and fair opportunity to litigate").  En banc review is warranted.

2

En banc review would also allow this Court to resolve another important issue:  Whether the issue-preclusive effect of judgments in patent cases is governed by the law of this Court or by the law of the circuit in which the action initially arose.  *Compare Vardon Golf Co. v. Karsten Mfg. Corp.*, 294 F.3d 1330, 1333 (Fed. Cir. 2002) (applying regional circuit law to issue preclusion), *with id.* at 1336 (Dyk, J., concurring) (arguing that "Federal Circuit law" should apply).

## BACKGROUND

Soverain Software LLC owns two patents—U.S. Patent Nos. 5,715,314 (the '314 patent) and 5,909,492 (the '492 patent)—with claims directed to (1) a specific technique for "virtual shopping carts" used in online shopping; and (2) "using a hypertext statement so that users can access information about past orders."  Op. 3-4.  The PTO has twice confirmed the patentability of all asserted claims, without amendment, in two separate rounds of reexamination proceedings.  *See* JA4200 (2007 reexam for '314 patent); JA4212 (2007 reexam for '492 patent); JA35434 (2012 reexam for '314 patent); JA35436 (2012 reexam for '492 patent).

Proceedings in District Court.  In 2009, Soverain filed suit against Victoria's Secret Direct Brand Management, LLC and Avon Products, Inc. for patent infringement.  Op. 1-2.  In 2011, a jury found that defendants infringed the asserted claims and that those claims were not invalid as anticipated or obvious.  *Id.* at 5.  The district court entered judgment in Soverain's favor.  *Id.*  Defendants appealed.

3

This Court's *Newegg* Decision. While the appeal in this case was pending, this Court decided *Soverain Software LLC v. Newegg Inc.*, 705 F.3d 1333, *amended*, 728 F.3d 1332 (Fed. Cir. 2013). In *Newegg*, Soverain had accused a different defendant of infringing the same patents. At the close of evidence, the district court granted Soverain judgment as a matter of law on obviousness, holding that no reasonable trier of fact could find that the claims were obvious. Op. 9.

On appeal, Newegg urged this Court "*only* that the district court erred in granting JMOL *for Soverain* on the issue of non-obviousness and in not granting Newegg's motion *for a new trial*." Op. 9-10 (emphasis added). Newegg thus did not appeal the district court's decision to deny Newegg's motion for judgment as a matter of law on obviousness; it argued only that obviousness should have gone to the jury. *Id.* at 9; Oral Arg., *Soverain Software LLC v. Newegg, Inc.* (No. 11-1009), at 5:49 ("A jury should actually be able to consider obviousness."); *id.* at 33:30. The panel, however, decided to "determine the question of obviousness" itself *sua sponte*. *Newegg*, 705 F.3d at 1337. The Court then held that all of the claims at issue were obvious and therefore invalid. *Id.*; *see* Op. 9-11.

Proceedings on Appeal in this Case. Once *Newegg* issued, defendants Victoria's Secret and Avon asserted issue preclusion on obviousness, despite never having moved for JMOL on obviousness below. Under *Newegg*, they urged, the asserted claims were obvious and the judgments had to be overturned. The panel

4

agreed, holding that "issue preclusion applies as a result of the *Newegg* case, and that the asserted claims here are therefore invalid."  Op. 2.

The panel addressed Soverain's contention that *Newegg* should not be given preclusive effect because the *Newegg* panel had decided obviousness *sua sponte*, denying Soverain a full opportunity to litigate the issue.  "Under issue preclusion law generally and under both our law and Fifth Circuit law," the panel stated, "a judgment of invalidity will not have a preclusive effect *if a patentee can demonstrate* that it did not have a full and fair opportunity to litigate the issue."  Op. 8 (emphasis added).  The panel rejected Soverain's argument that the *Newegg* panel's *sua sponte* resolution of obviousness had denied Soverain the traditional full opportunity to litigate whether the claims were obvious as a matter of law.  *Id.* at 12-14.  The panel also rejected Soverain's contention that Soverain had every reason to avoid pointing to disputed facts to support non-obviousness, since Soverain was defending judgment as a matter of law in its favor.  *Id.* at 11-12, 14.

## REASONS FOR GRANTING THE PETITION

This Court has adopted the rule that, where an accused infringer asserts the defense of issue preclusion, the *patentee* bears the burden of proving that it *lacked* a full opportunity to litigate the potentially precluded issue in the earlier case.  That rule conflicts with the decisions of at least seven other courts of appeals—indeed, virtually every federal court of appeals to have addressed the issue outside the

5

patent context. It has the effect of creating a unique rule of law for patent cases alone. And it re-ignites an intra-circuit conflict. En banc review would also allow this Court to address another important question: whether the law of this Circuit or regional circuit law governs the issue-preclusive effect of patent rulings.

## I. En Banc Review Is Warranted To Resolve the Inter- and Intra-Circuit Conflicts on Whether Parties Asserting Preclusion Bear the Burden of Proving the Defense's Elements

### A. This Court's Rule Departs from the Decisions of Virtually Every Court of Appeals To Have Considered the Issue

In *Mississippi Chemical Corp. v. Swift Agricultural Chemicals Corp.*, 717 F.2d 1374 (Fed. Cir. 1983), this Court stated that, "[i]f an alleged infringer raises the defense of collateral estoppel, *the burden is on the patentee* to demonstrate . . . that he did not have a fair opportunity . . . to pursue his claim the first time." *Id.* at 1376 (quotation marks omitted) (emphasis added). In *Mississippi Chemical* itself and many cases since, this Court has applied that rule, repeatedly requiring any patentee that resists the defense of issue preclusion to bear the burden of proving it lacked a full and fair opportunity to litigate the issue in the earlier case.[1] The panel in this case followed that rule as well. Op. 8.

---

[1] *See Mississippi Chemical*, 717 F.2d at 1377; *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373, 1379 (Fed. Cir. 1999) ("judgment of invalidity will have no collateral estoppel effect if the patentee can show that it did not have a full and fair opportunity to litigate"); *Dana Corp. v. NOK, Inc.*, 882 F.2d 505, 508 (Fed. Cir. 1989) ("party opposing a plea of estoppel must establish that it did not have a full and fair opportunity to litigate"); *Molinaro v. Fannon/Courier Corp.*,

That rule squarely conflicts with decisions in virtually every other court of appeals to have considered the issue. Those courts have regularly addressed who bears the burden of establishing the issue-preclusive effect of a prior federal court judgment (a question of federal common law). They have concluded that the defendant "asserting collateral estoppel bears the burden of establishing that the earlier opportunity to litigate was full and fair." *Firishchak v. Holder*, 636 F.3d 305, 309 (7th Cir. 2011). This Court's contrary rule conflicts with decisions from the Third, Fourth, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits.[2]

---

745 F.2d 651, 655 (Fed. Cir. 1984) ("burden was upon [patent assignee] to establish that the decisions in the earlier litigation were 'seriously defective'"); *Stevenson v. Sears, Roebuck & Co.*, 713 F.2d 705, 709 (Fed. Cir. 1983) ("defense must be accepted by a court unless the patentee demonstrates that he was denied a full and fair opportunity to litigate" validity "in the prior unsuccessful action").

[2] *See, e.g.*, *Alevras v. Tacopina*, 226 F. App'x 222, 227-28 (3d Cir. 2007) ("Under the federal law of issue preclusion, [defendant] Tacopina bears the burden to show that . . . the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question." (citing *Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 505 (3d Cir. 1992)); *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006) ("A party seeking to rely on the doctrine of collateral estoppel is obliged to establish . . . that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum." (quotation marks omitted)); *Nguyen ex rel. U.S. v. City of Cleveland*, 534 F. App'x 445, 448-49 (6th Cir. 2013) ("party asserting issue preclusion . . . bears the burden of establishing" that plaintiff "had a full and fair opportunity to litigate the issue in the prior proceeding" (citing *Schreiber v. Philips Display Components Co.*, 580 F.3d 355, 367 (6th Cir. 2009)); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050-51 (9th Cir. 2008) ("The burden is on the party seeking to rely upon issue preclusion to prove" that "there was a full and fair opportunity to litigate the issue in the previous action"); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014) ("[T]he party invoking the doctrine has the burden of establishing . . . the party against whom the doctrine is

This Court, moreover, confronts an internal division of authority. Siding with the traditional approach adopted by other courts of appeals in non-patent cases, at least one decision of this Court puts the burden on the party asserting preclusion. In *Comair Rotron, Inc. v. Nippon Densan Corp.*, 49 F.3d 1535 (Fed. Cir. 1995), this Court held that the defendant asserting issue preclusion—there, the alleged infringer—had the burden of proving *all* requirements for issue preclusion were met. The party invoking issue preclusion, this Court declared, "must show" (among other things) "that in the prior action the party against whom estoppel is sought had a full and fair opportunity to litigate the issue." *Id.* at 1537.

The conflict between the dominant approach in this Circuit—applied in this case—and the decisions of virtually every other court of appeals to have considered the issue is especially problematic because it effectively creates a special preclusion rule for patent cases. In other contexts where federal common law governs issue preclusion, the courts of appeals place the burden on the party

raised had a *full and fair opportunity to litigate* the issue in the prior action."); *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1293 (11th Cir. 2003) (party "invok[ing] collateral estoppel . . . must demonstrate that . . . the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding"); *RF Delaware, Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1261 (Fed. Cir. 2003) (similar) (applying Eleventh Circuit law). The Second Circuit has adopted that rule as well. *See Flaherty v. Lang*, 199 F.3d 607, 615 (2d Cir. 1999). In a later case, the Second Circuit asserted the contrary rule, relying on a federal decision that had shifted the burden when applying *state law* preclusion principles. *See Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013).

8

asserting preclusion. By contrast, in patent cases, this Court places the burden on the patentee resisting that defense. The Supreme Court has repeatedly rejected the notion that patent litigation should be governed by unique, patent-specific rules that depart from the general principles applicable in other areas of law. *See, e.g.*, *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 835 (2015) (district court factfinding during claim construction reviewed by this Court for clear error, "as it would review a trial judge's factfinding in other cases"); *eBay Inc. v. Merc-Exchange, L.L.C.*, 547 U.S. 388, 394 (2006) ("[W]hether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and . . . such discretion must be exercised consistent with traditional principles of equity, in patent disputes no less than in other cases governed by such standards.").

### B. This Court's Rule—Which Places the Burden on Plaintiffs Resisting Preclusion—Is Incorrect

Imposing the burden on plaintiffs is also inconsistent with general principles. Issue preclusion "is an affirmative defense." *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) (citing Fed. R. Civ. P. 8(c); *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971)). "Ordinarily, it is incumbent on the defendant to plead and prove such a defense." *Id.* Consequently, "a party asserting preclusion must carry the burden of establishing *all necessary elements*." 18 Wright *et al.*, *Federal Practice & Procedure* § 4405 (2d ed.) (emphasis added). This Court has never offered a sound basis for departing from that approach in patent cases.

9

This Court at times appears to have read the Supreme Court's decision in *Blonder-Tongue* as establishing a different rule (at least for patent cases). *See, e.g.*, Op. 8 (quoting *Blonder-Tongue*). *Blonder-Tongue* overturned the Supreme Court's earlier decision in *Triplett v. Lowell*, 297 U.S. 638 (1936), which required "mutuality" as a precondition to preclusion. Thus, under *Triplett* (and a century of precedent that preceded it), issue preclusion would not prevent a patentee from "re-litigat[ing] . . . the validity of a patent claim previously held invalid" if the prior suit was "against a different defendant." *Id.* at 644. Overturning that rule, *Blonder-Tongue* allowed defendants to assert issue preclusion against a plaintiff even if they had no involvement in the prior suit. 402 U.S. at 332-33, 350.

In announcing that new approach, the Court stated that "the patentee-plaintiff must be permitted to demonstrate, if he can, that he did not have 'a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time.'" 402 U.S. at 333. That statement hardly mandates departure from the general rule that a defendant asserting preclusion has the burden to prove every element of the defense. It means only that, *if* a plaintiff chooses to put on its own evidence, it must "be permitted to demonstrate" that it lacked the opportunity to fully litigate the issue in the prior action. The Supreme Court did not rule that plaintiffs are *required* to make that showing or otherwise bear the burden of proof. To the contrary, if the party asserting preclusion fails to prove any element of the

10

defense (whether full-and-fair opportunity or another), the plaintiff should be able to prevail by pointing to the defendant's failure of proof.  For plaintiffs wishing to go further, *Blonder-Tongue* says only that they have that right—they must "be permitted" to produce evidence and argument that the full-and-fair opportunity was absent.  But to read *Blonder-Tongue* as going beyond that, and as shifting the ultimate burden of proof to plaintiffs, reads into that decision something it never says.[3]

In any event, the statement in *Blonder-Tongue* is *dictum*—and not binding—because it was "unnecessary to the decision."  *Nat'l Am. Ins. Co. v. United States*, 498 F.3d 1301, 1306 (Fed. Cir. 2007) (quotation marks omitted).  The sole issue before the Supreme Court was whether to overrule *Triplett*'s mutuality requirement, 402 U.S. at 334, which the Court did, *id.* at 350.  Any discussion of preclusion's other elements was unnecessary to the result.  *Blonder-Tongue*, moreover, represented a revolution in preclusion:  Absent the century-old requirement of mutuality, patentees that lose even a single case can find themselves barred from proceeding against any defendant, ever, in perpetuity—even if they would otherwise prevail (or had previously prevailed) in 99 of 100 cases.  The enormity of that

---

[3] At a minimum, the statement in *Blonder-Tongue* is open to multiple interpretations.  The panel here read the statement to mean that the patentee bears the burden of disproving one of the defense's elements.  Op. 8 (quoting *Blonder-Tongue*, 402 U.S. at 333).  Citing the same portion of *Blonder-Tongue*, however, another panel has declared the party invoking issue preclusion carries the burden to prove that the patentee had a full and fair opportunity to litigate the issue in the earlier litigation.  *See Comair Rotron*, 49 F.3d at 1537 (citing *Blonder-Tongue*, 402 U.S. at 332-33).

result has only increased with time:  With the America Invents Act's heightened standard for joining accused infringers in a single suit, *see* 35 U.S.C. § 299(a)-(b), patentees confront an increasingly onerous burden of having to win every one of potentially numerous cases.  Having revolutionized preclusion by overturning more than a century of federal practice—with profound consequences for patentees—the Supreme Court surely did not mean to alter the traditional burden of proving that defense in a single sentence of at best ambiguous *dictum*.  And any such reading of *Blonder-Tongue*, moreover, would place that case in tension with more recent preclusion cases, like *Taylor*, 553 U.S. at 907, which reaffirm the traditional rule that defendants bear the burden of proving *all* the elements of a defense.  That the law of this Circuit not only conflicts with the decisions of other Circuits, but also rests on an over-reading of a single sentence of *dictum* from *Blonder-Tongue*, underscores the need for further review.

Ironically, this Court's departure from the principles that govern in other Circuits was propelled, in part, by a misreading of out-of-circuit precedent—*Blumcraft of Pittsburgh v. Kawneer Co.*, 482 F.2d 542 (5th Cir. 1973)—also invoked by the panel.  *See* Op. 8.  When this Court first confronted the burden-of-proof issue, it read *Blumcraft* as requiring patentees to prove they lacked a full and fair opportunity to litigate the issue in the prior action, and adopted that as this Court's rule of decision.  *See Mississippi Chemical*, 717 F.2d at 1378; *Stevenson*, 713 F.2d at

12

709-10; *see also Carter-Wallace, Inc. v. United States*, 496 F.2d 535, 542 (Ct. Cl. 1974).  But *Blumcraft* never held that the patentee bears the burden of proving it lacked a full and fair opportunity.  It merely noted that requirement and declared that the plaintiff had not even "allege[d]" that the prior suit "was not fully and fairly litigated."  482 F.2d at 547.  *Blumcraft* then quoted another court's conclusion that the earlier proceeding was "one of full proof and effort on both sides" that did not "deprive[]" the plaintiff "of crucial evidence or witnesses."  *Id.* at 547 n.11.

Later Fifth Circuit cases defy this Court's reading of *Blumcraft*.  They recognize that issue preclusion "is an affirmative defense," *Kariuki v. Tarango*, 709 F.3d 495, 508 (5th Cir. 2013); that "full and fair opportunity to litigate" is an element of that defense, *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 395 (5th Cir. 2001); and that the "burden of proof . . . remains on the defendant who raise[s] [an] affirmative defense," *United States v. Krezdorn*, 718 F.2d 1360, 1365 (5th Cir. 1983) (en banc).  The Supreme Court has made clear that the party asserting a defense (including preclusion) has the burden of proving *each* element.[4]  *See Taylor*, 553 U.S. at 907.  This Court stands alone in departing from the traditional

---

[4] Thus, even if it announced a different rule, *Blumcraft*—a patent case—would at best apply only in patent cases.  In all other cases, the Fifth Circuit adheres to the traditional rule that the defendant must prove every element of a defense.  To the extent the question is governed by a patent-specific rule, however, this Court's precedent, not *Blumcraft*, controls.  *See Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 618 (Fed. Cir. 1995) (noting that an issue that is "in substance a question of patent law call[s] for a uniform national rule, [and] the case should be governed by Federal Circuit law, not the law of each regional circuit").

13

rule by requiring patentees to disprove an element of the preclusion defense.

The panel here, moreover, altered the burden on another element: the requirement that the defendant show that "the identical" *issue* was resolved in the prior litigation. *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994) (issue "must be identical to the issue litigated in a prior action."). Similarity "is not sufficient." *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985). Here, the panel extended an obviousness ruling from the previously litigated claim 15 of the '492 patent to claim 39, which was *concededly* different. Op. 15-16. That defies the identity requirement. And it improperly excused defendants' failure to seek judgment as a matter of law on obviousness under Rule 50.

## II.   En Banc Review Is Warranted To Decide Whether This Court's or Regional Circuit Law Governs Preclusion in Patent Cases

This Court should also grant review to decide whether Federal Circuit or regional circuit law governs issue preclusion in patent cases. This Court has, in the past, stated that issue preclusion "is not a matter within the exclusive jurisdiction of this [C]ourt." *Vardon Golf*, 294 F.3d at 1333. Accordingly, it has looked to "the law of the circuit in which the district court sits" on preclusion questions. *Id*. But Judge Dyk, who authored the panel decision here, has explained why "Federal Circuit law" should apply instead. *Id.* at 1336 (Dyk, J., concurring).

This case presents a compelling opportunity to address that issue. The panel did not make clear whether it was applying "issue preclusion law generally" or law

14

from a specific circuit. Op. 8. It cited the Supreme Court's decision in *Blonder-Tongue*, the Fifth Circuit's decision in *Blumcraft*, and this Court's decision in *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373 (Fed. Cir. 1999), together for the proposition that "a judgment of invalidity will not have a preclusive effect if a patentee can demonstrate that it did not have a full and fair opportunity to litigate the issue." Op. 8.

This case, however, is one of those instances where the source of law could make a difference. The first authority the panel cited, *Blonder-Tongue*, does not answer the question. As explained above (at 10-12), that case speaks of affording the plaintiff an *opportunity* to make a showing, not allocation of the burden of proof. If "Federal Circuit law" applies, *Vardon Golf*, 294 F.3d at 1336 (Dyk, J., concurring), plaintiffs resisting a preclusion defense may currently bear the burden. *See* p. 6 & n.1, *supra*. But that is the approach this Court should reject so as to align the law of this Circuit with the law followed by sister circuits outside the patent context. Finally, if regional circuit law (here, Fifth Circuit law) controls, this Court would need to determine (apart from the content of that law) whether it follows the *general* law of preclusion from the regional circuit, or adheres to regional circuit patent-specific rules. *See* p. 7 & p. 13 n.4 *supra*.

## CONCLUSION

The petition should be granted.

March 16, 2015                          Respectfully submitted,

                                        /s/ Jeffrey A. Lamken

George E. Quillin                       Jeffrey A. Lamken
Andrew S. Baluch                        Martin V. Totaro
FOLEY & LARDNER LLP                     MOLOLAMKEN LLP
3000 K Street, N.W., Suite 600          The Watergate, Suite 660
Washington, D.C.  20007                 600 New Hampshire Avenue, N.W.
                                        Washington, D.C.  20037
                                        (202) 556-2000 (telephone)
                                        (202) 556-2001 (fax)
                                        jlamken@mololamken.com

*Counsel for Plaintiff-Appellee Soverain Software LLC*

# Addendum

# United States Court of Appeals for the Federal Circuit

---

**SOVERAIN SOFTWARE LLC,**
*Plaintiff-Appellee*

**v.**

**VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, LLC, AVON PRODUCTS, INC.,**
*Defendants-Appellants*

---

2012-1649, 2012-1650

---

Appeals from the United States District Court for the Eastern District of Texas in No. 09-CV-0274, Chief Judge Leonard Davis.

---

Decided: February 12, 2015

---

JEFFREY A. LAMKEN, MoloLamken LLP, Washington, DC, argued for plaintiff-appellee.  Also represented by ROBERT B. WILSON, ANASTASIA M. FERNANDS, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY; DAVID A. NELSON, Chicago, IL; GEORGE ELLSWORTH QUILLIN, ANDREW S. BALUCH, Foley & Lardner LLP, Washington, DC.

ROBERT RHOAD, Dechert LLP, Princeton, NJ, argued for defendant-appellant, Victoria's Secret Direct Brand Management, LLC.  Also represented by CHRISTOPHER S.

RUHLAND, Los Angeles, CA; ROBERT W. ASHBROOK, JR., ROBERT LOUIS MASTERSON Philadelphia, PA; DANIEL B. EPSTEIN, Mountain View, CA.

DARYL L. JOSEFFER, King & Spalding LLP, Washington, DC, argued for defendant-appellant, Avon Products, Inc. Also represented by ADAM M. CONRAD, Charlotte, NC; GASTON KROUB, Locke Lord, LLP, New York, NY.

———————————

Before DYK, TARANTO, and HUGHES, *Circuit Judges.*

DYK, *Circuit Judge.*

Victoria's Secret Direct Brand Management, LLC ("Victoria's Secret") and Avon Products, Inc. ("Avon") (collectively, "defendants") appeal from a judgment of the District Court for the Eastern District of Texas. The district court found that defendants infringed claims 34 and 51 of U.S. Patent No. 5,715,314 (the "'314 patent") and claims 15, 17, and 39 of U.S. Patent No. 5,909,492 (the "'492 patent") and that those claims were not invalid.

After the district court's judgment, this court decided *Soverain Software LLC v. Newegg Inc.*, 705 F.3d 1333 (Fed. Cir. 2013), *amended on reh'g*, 728 F.3d 1332, 1336 (Fed. Cir. 2013) (hereinafter "*Newegg*"). There, we held invalid as obvious claims 34 and 51 of the '314 patent and claims 17, 41, and 61 of the '492 patent. *Id.* at 1341, 1344. We hold that issue preclusion applies as a result of the *Newegg* case, and that the asserted claims here are therefore invalid. Accordingly, we reverse.

BACKGROUND

Soverain Software LLC ("Soverain") is the assignee of the '314 and '492 patents. It brought an infringement action against defendants in the Eastern District of Texas. The asserted claims fall into two categories. Claims 34 and 51 of the '314 patent and claim 17 of

the '492 patent are directed to virtual shopping carts.[1]
Claims 15 and 39 of the '492 patent are directed to using

─────────────

[1]    Claim 34 of the '314 patent is representative. It
recites:

> A network-based sales system, comprising:
> at least one buyer computer for operation by a us-
>     er desiring to buy products;
> at least one shopping cart computer; and
> a shopping cart database connected to said shop-
>     ping cart computer;
> said buyer computer and said shopping cart com-
>     puter being interconnected by a computer
>     network;
> said buyer computer being programmed to receive
>     a plurality of requests from a user to add a
>     plurality of respective products to a shopping
>     cart in said shopping cart database, and, in
>     response to said requests to add said products,
>     to send a plurality of respective shopping cart
>     messages to said shopping cart computer each
>     of which comprises a product identifier identi-
>     fying one of said plurality of products;
> said shopping cart computer being programmed to
>     receive said plurality of shopping cart mes-
>     sages, to modify said shopping cart in said
>     shopping cart database to reflect said plurali-
>     ty of requests to add said plurality of products
>     to said shopping cart, and to cause a payment
>     message associated with said shopping cart to
>     be created; and
> said buyer computer being programmed to receive
>     a request from said user to purchase said plu-
>     rality of products added to said shopping cart
>     and to cause said payment message to be acti-
>     vated to initiate a payment transaction for

a hypertext statement so that users can access information about past orders.[2]

---

> said plurality of products added to said shopping cart;
>
> said shopping cart being a stored representation of a collection of products, said shopping cart database being a database of stored representations of collections of products, and said shopping cart computer being a computer that modifies said stored representations of collections of products in said database.

'314 patent col. 13 l. 62–col. 14 l. 28.

[2]   Claim 15 of the '492 patent is representative. It recites:

> A hypertext statement system, comprising:
>
> a client computer for operation by a client user; and
>
> one or more server computers for operation by a server user;
>
> the client computer and the server computers being interconnected by a public packet switched computer network;
>
> at least one of the server computers being programmed to record information pertaining to purchase transaction records in a database, and to transmit a statement document comprising the purchase transaction records to the client computer over the network;
>
> the client computer being programmed to display the statement document to receive a request from the client user to display transaction details corresponding to a portion of the statement document displayed by the client computer, and to cause a transaction detail

On November 18, 2011, a jury determined that defendants infringed the asserted claims and that those claims were not invalid as anticipated or obvious. The district court subsequently entered judgment in favor of Soverain. Defendants appealed on September 7, 2012.

Subsequent to the filing of the appeal, on January 22, 2013, this court decided *Newegg*, a case from the Eastern District of Texas in which Soverain also alleged infringement of the '314 and '492 patents. There, the district court had entered judgment that the asserted claims were infringed and not invalid. On appeal, we reversed, holding invalid as obvious claims 34 and 51 of the '314 patent and claims 17, 41, and 61 of the '492 patent. *Newegg*, 705 F.3d 1333 at 1347. In a subsequent panel rehearing decision, we clarified that claim 35 is also invalid. We "confirm[ed] that claim 34 is representative of the 'shopping cart' claims, including claim 35, and conclude[d] that dependent claim 35 is invalid on the ground of obviousness." *Soverain Software LLC v. Newegg Inc.*, 728 F.3d 1332, 1336 (Fed. Cir. 2013) (hereinafter "*Newegg II*"). [3]

---

          hypertext link corresponding to the portion of the statement document to be activated;

at least one of the server computers being programmed to respond to activation of the transaction detail hypertext link by transmitting the transaction details to the client computer over the network as a transaction detail document.

'492 patent col. 13 l. 61–col. 14 l. 17.

    [3]   In its briefs in the *Newegg* appeal, Newegg had stated that claim 34 was asserted and was representative of the shopping cart claims. However, "although claim 34 was the subject of litigation of the shopping cart claims, the district court's judgment referred to claim 35, not

We apply the law of the regional circuit to the general procedural question of whether issue preclusion applies. *RF Del., Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1261 (Fed. Cir. 2003). We apply this court's precedent to questions involving substantive issues of patent law, issues of issue preclusion that implicate substantive patent law issues, or issues of issue preclusion that implicate the scope of our own previous decisions. *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) (citing *Aspex Eyewear, Inc. v. Zenni Optical Inc.*, 713 F.3d 1377, 1380 (Fed. Cir. 2013)). "[T]he issue of whether to apply collateral estoppel is a question of law, making our review *de novo*." *Bradberry v. Jefferson Cnty., Tex.*, 732 F.3d 540, 549 (5th Cir. 2013) (citation omitted).

DISCUSSION

I

The first question is whether issue preclusion, or collateral estoppel, should apply to claims 34 and 51 of the '314 patent and claims 15 and 17 of the '492 patent as a result of the *Newegg* judgment. "Issue preclusion prohibits a party from seeking another determination of the litigated issue in the subsequent action." *State Farm Mut. Auto. Ins. Co. v. LogistiCare Solutions, LLC*, 751 F.3d 684, 689 (5th Cir. 2014) (quoting *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994)). The Fifth Circuit applies issue preclusion where the following four conditions are satisfied:

> First, the issue under consideration in a subsequent action must be identical to the issue litigated in a prior action. Second, the issue must have

---

claim 34. This court granted rehearing, to assure that the claims at issue in th[e] litigation were adequately and fairly assessed at trial and on appeal." *Newegg II*, 728 F.3d at 1333.

been fully and vigorously litigated in the prior ac-
tion. Third, the issue must have been necessary to
support the judgment in the prior case. Fourth,
there must be no special circumstance that would
render preclusion inappropriate or unfair.

*Id.* (quoting *Shanbaum*, 10 F.3d at 311). Our own law is
similar. *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360,
1366 (Fed. Cir. 2000) (issue preclusion requires four
conditions: "(1) identity of the issues in a prior proceeding;
(2) the issues were actually litigated; (3) the determina-
tion of the issues was necessary to the resulting judg-
ment; and, (4) the party defending against preclusion had
a full and fair opportunity to litigate the issues" (citations
omitted)).

In *Newegg*, we explicitly held that claims 34 and 51 of
the '314 patent and claim 17 of the '492 patent were
obvious. 705 F.3d at 1341. Although claim 15 of the '492
patent, at issue here, was not explicitly invalidated in
*Newegg*, we invalidated claim 41, which depends from
claim 15. *Id.* at 1344. Therefore, the invalidity determina-
tion as to claim 41 extended to claim 15, as well. *See
Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1344
(Fed. Cir. 2009) ("A broader independent claim cannot be
nonobvious where a dependent claim stemming from that
independent claim is invalid for obviousness.") (citation
omitted).

The Supreme Court has held that a defense of issue
preclusion applies where a party is "facing a charge of
infringement of a patent that has once been declared
invalid," even though the party asserting the defense was
not a party to the action where the patent was invalidat-
ed. *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402
U.S. 313, 349–50 (1971). We have similarly held that
"once the claims of a patent are held invalid in a suit
involving one alleged infringer, an unrelated party who is
sued for infringement of those claims may reap the bene-

fit of the invalidity decision under principles of collateral estoppel." *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994); *see In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 536 F.3d 1343, 1349 (Fed. Cir. 2008); *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373, 1379 (Fed. Cir. 1999). It is also established that issue preclusion applies even though the precluding judgment (*Newegg*) comes into existence while the case as to which preclusion is sought (this case) is on appeal. *Mendenhall*, 26 F.3d at 1583–84 (invalidity decision rendered while case on appeal); *Dana Corp. v. NOK, Inc.*, 882 F.2d 505, 508 (Fed. Cir. 1989) (invalidity decision at Federal Circuit issued while case being briefed on appeal).

As to the four claims listed above, Soverain agrees that issue preclusion would normally be applicable but argues that it should not apply here because Soverain has not had a full and fair opportunity to litigate the issue of obviousness.

Under issue preclusion law generally and under both our law and Fifth Circuit law, a judgment of invalidity will not have a preclusive effect if a patentee can demonstrate that it did not have a full and fair opportunity to litigate the issue. *Blumcraft of Pittsburgh v. Kawneer Co.*, 482 F.2d 542, 546–47 (5th Cir. 1973); *see Blonder-Tongue*, 402 U.S. at 333 (a patentee "must be permitted to demonstrate, if he can, that he did not have 'a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time'" (citation omitted)); *Pharmacia*, 170 F.3d at 1379 ("[A] judgment of invalidity will have no collateral estoppel effect if the patentee can show that it did not have a full and fair opportunity to litigate."); Restatement (Second) of Judgments § 28(5) (1982) (a party is not precluded where "the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action").

We need not here review the various grounds that are relevant to whether a party had a full and fair opportunity to litigate because most are inapplicable here. *See generally Blonder-Tongue*, 402 U.S. at 332–34; Restatement (Second) of Judgments §§ 28, 29. For example, the issue of incentive to litigate arises where "[t]he stakes in the first action may be so small that extensive effort is not reasonable if the risk is limited to the first action." 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4423 (2d ed. 2002). That circumstance does not exist here. Soverain does not dispute that it was represented by distinguished counsel in that appeal and that the amount in controversy was significant.

The unusual full and fair opportunity argument made here requires an understanding of the appeal in *Newegg*. In the district court in *Newegg*, at the close of evidence, Soverain and the defendant Newegg Inc. ("Newegg") filed cross-motions for judgment as a matter of law ("JMOL"); the district court granted Soverain's JMOL motion of non-obviousness and denied Newegg's JMOL motion of obviousness. *See Newegg*, 705 F.3d at 1336. As a result of the grant of Soverain's motion, the jury did not address obviousness. *Id.*

After the jury's verdict, the district court denied Newegg's renewed JMOL motion and alternative motion for a new trial. *Id.* Newegg appealed from the district court's judgment of non-obviousness. *Id.* While Newegg had preserved in the district court the argument that it should have been granted JMOL on the issue of obviousness, on appeal Newegg explicitly argued only that the district court erred in granting JMOL for Soverain on the issue of non-obviousness and in not granting Newegg's

motion for a new trial.[4] *See id.* Newegg also requested "any other and further relief to which it may be justly entitled." J.A. 37701.

We acknowledged that Newegg on appeal had argued only for a new trial but noted that, "[h]owever, questions of law must be correctly decided . . . ." *Newegg*, 705 F.3d at 1337. On "th[o]se premises, we determine[d] the question of obviousness." *Id.* The primary evidence before us in *Newegg* regarding invalidity was the "CompuServe Mall" system, a prior electronic commerce system, including two books describing the system which disclosed the use of electronic shopping carts. *Id.* at 1337–38, 1340–41, 1343–44. Soverain's arguments for nonobviousness relied on features that were either "not embodied in the claims and not reflected in the claim construction," *id.* at 1339; *see id.* at 1341, or related to incorporation of known internet technology, *id.* at 1340, 1343–44.

Soverain petitioned for rehearing and rehearing en banc. Soverain argued that the court improperly ordered JMOL when, on appeal, Newegg had asked only for a new trial. Additionally, Soverain and Newegg both noted that claim 35 of the '314 patent had not been addressed in our decision, even though it had been included in the district court's judgment of no invalidity. We subsequently grant-

---

[4]    *Newegg* was thus unlike *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 398 (2006) (holding "that since respondent failed to renew its preverdict motion as specified in Rule 50(b), there was no basis for review of respondent's sufficiency of the evidence challenge in the Court of Appeals"). The Supreme Court has recognized that, under Federal Rule of Civil Procedure 50, a court of appeals can direct entry of judgment in cases where the sufficiency of the evidence is challenged, and a JMOL motion was made in the district court. *See Neely v. Martin K. Eby Constr. Co.*, 386 U.S. 317, 328–30 (1967).

ed panel rehearing and, after considering supplemental briefing and arguments, "confirm[ed] that claim 34 is representative of the 'shopping cart' claims, including claim 35, and conclude[d] that dependent claim 35 is invalid on the ground of obviousness." *Newegg II*, 728 F.3d at 1336. We implicitly rejected the patentee's argument that the court should have granted a new trial rather than JMOL, *id.*, implicitly rejecting the idea that Soverain did not have a full and fair opportunity to litigate. Rehearing en banc was denied. *Soverain Software LLC v. Newegg Inc.*, No. 2011-1009 (Fed. Cir. Sept. 4, 2013) (order denying en banc rehearing). Soverain's petition for a writ of certiorari to the Supreme Court was denied. *Soverain Software LLC v. Newegg Inc.*, 134 S. Ct. 910 (2014).

We note that Soverain does not argue that it was deprived of crucial evidence or witnesses in the first litigation or that it would present additional evidence at a new trial. *See Blonder-Tongue*, 402 U.S. at 333. Nor is there any contention that Soverain did not have a full and fair opportunity to litigate the question of obviousness at the district court. Rather, Soverain's argument is that it did not have the incentive to fully litigate the issue of nonobviousness on appeal.[5]

_____

[5]     Soverain also argues that it lacked the ability to appeal our judgment in *Newegg*, under the exception to preclusion which applies where a party "could not, as a matter of law, have obtained review of the judgment in the initial action." Restatement (Second) of Judgments § 28(1).  But the ability to appeal generally concerns the ability to appeal from the court of first instance (here, the district court). And here, Soverain petitioned for rehearing and to the Supreme Court for certiorari. The ability to appeal exception "applies only when review is precluded as a matter of law. It does not apply in cases where review

Specifically, Soverain contends that it would have raised different or additional arguments on appeal if it had known that this court might reverse the district court on invalidity rather than only granting a new trial. But Soverain does not cite any case to support the notion that a full and fair opportunity to litigate is lacking where a party might have argued differently on appeal. In *Newegg*, the same basic issue of obviousness was central whether the focus was on insufficiency of the evidence as a ground for JMOL or on insufficiency of the evidence as a ground for a new trial. Not surprisingly, Soverain has not identified any significant new arguments that were not in fact raised in the earlier appeal.

With respect to the shopping cart patents (claims 34 and 51 of the '314 patent and claim 17 of the '492 patent), Soverain argues that it did not have a full and fair opportunity to present its arguments in *Newegg* that "product identifiers," a limitation in each of the asserted claims, distinguish the prior art CompuServe Mall system. Basically, a product identifier identifies which product a user has placed in a shopping cart.[6] *See* '314 patent col. 3 ll. 45–47, col. 5 ll. 29–30, col. 14 ll. 9–10. But Soverain presented the same arguments about product identifiers in *Newegg* that it puts forward here. Here, Soverain points to expert testimony to argue that the CompuServe Mall system did not utilize product identifiers because that system was a single computer system that always recognized the identity of the user and which product the user was viewing. Similarly, in *Newegg*, Soverain contended that "Newegg's fact witness, Mr. Trevor, testified

---

is available but is not sought. Nor does it apply when there is discretion in the reviewing court to grant or deny review and review is denied . . . ." *Id.* § 28 cmt. a.

[6]     The term "product identifier" was not construed at the district court.

that the CompuServe Mall did not employ product identifiers, and was therefore not programmed to send shopping cart messages . . . each of which comprises a product identifier." Brief of Plaintiff-Appellee Soverain Software LLC at 45, *Newegg*, 705 F.3d 1333 (No. 2011-1009) (alterations in original) (internal quotation marks and citation omitted). Soverain argued that, "[a]s Soverain's expert, Dr. Shamos, explained, the basic architecture of the CompuServe Mall was specifically designed so that the system would be able to ascertain which products the customer had selected for purchase without the use of a separate product identifier." *Id.* (internal quotation marks and citation omitted). This court in *Newegg* considered and rejected Soverain's arguments about the product identifier. We discussed the testimony by Soverain's expert that the CompuServe system lacked the product identifier limitation and rejected the expert's conclusions. *Newegg*, 705 F.3d at 1339–40. We found that "[t]he product identifier message term does not distinguish the shopping cart claims from the prior art CompuServe Mall." *Id.* at 1340.

Soverain also argues that it did not have the opportunity in *Newegg* to present its arguments that the confirmation numbers from the CompuServe Mall system did not satisfy the limitations of the hypertext statement claims (claims 15 and 39 of the '492 patent). Soverain argues that its expert testimony established that the CompuServe system did not provide online access to information or suggest providing hyperlinked transaction documents, as required by the claims. But Soverain made this same argument in its *Newegg* briefing, stating that "[t]he CompuServe Mall did not have the capability for customers to review their order status or transaction history online." Brief of Plaintiff-Appellee Soverain Software LLC at 46, *Newegg*, 705 F.3d 1333 (No. 2011-1009). In *Newegg*, we addressed Soverain's argument that, in the "CompuServe Mall[,] it might be necessary to resort to the

telephone or email to get the transaction infor-
mation . . . ." 705 F.3d at 1343. We reasoned that the
patentee "did not invent the Internet, or hypertext, or the
URL. . . . [T]he use of hypertext to communicate 'a state-
ment document' or 'transaction detail document' was a
routine incorporation of Internet technology into existing
processes." *Id.* at 1344 (citations omitted).

Soverain further argues that it did not focus on the
credibility of Newegg's expert witness "because Soverain
was seeking to affirm JMOL of non-obviousness by rely-
ing on [Newegg's expert's] failure to establish that certain
claim elements were prima facie present." Appellee's Br.
29. Specifically, Soverain argues that it would have
presented evidence that Newegg's expert, Mr. Tittel, was
discredited on cross-examination because he admitted
that he did not conduct an element-by-element compari-
son of the claims to the prior art, apply the district court's
claim construction, or review the prosecution history of
the patents. But Soverain did have the incentive to raise
these arguments in the *Newegg* appeal. The district court
had issued JMOL for Soverain, having found that Newegg
failed to present a prima facie case of obviousness.
*Newegg*, 705 F.3d at 1337. On appeal, the question was
whether JMOL was inappropriate because Tittel's testi-
mony established a prima facie case of obviousness, as
Newegg argued. *See id.* We concluded that Tittel's testi-
mony established that each element of the claims was
present in the CompuServe system and relied on that
testimony. *Id.* at 1338, 1342–43. Soverain did have the
incentive to argue that Tittel's testimony did not support
Newegg's obviousness arguments because Mr. Tittel, for
example, did not conduct an element-by-element analysis.
The fact that Soverain had arguments which it did not
make does not mean that Soverain lacked the incentive to
make them.

II

The remaining question is whether issue preclusion applies to invalidate claim 39 (a hypertext statement claim) of the '492 patent. Claim 39 depends from claim 15. Claim 15 was invalidated as obvious in *Newegg*. *See Newegg*, 705 F.3d at 1344 (invalidating as obvious claim 41, which depends from claim 15). The only additional limitation in claim 39 concerns the Internet. Claim 39 recites "[a] hypertext statement in accordance with claim 15,[7] wherein the network is an Internet." '492 patent Reexamination Certificate C1 col. 1 ll. 21–22.

Soverain argues that issue preclusion should not apply because claim 39 was not previously found obvious and does not present identical issues. Complete identity of claims is not required to satisfy the identity-of-issues requirement for claim preclusion. *Ohio Willow Wood*, 735 F.3d at 1342; *see Aspex*, 672 F.3d at 1341 (in the claim preclusion context). "If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies." *Ohio Willow Wood*, 735 F.3d at 1342 (citing *Bourns, Inc. v. United States*, 537 F.2d 486, 493 (Ct. Cl. 1976)). In *Ohio Willow Wood*, we applied issue preclusion to invalidate a claim where a different claim in another patent had previously been invalidated because "the[] patents use[d] slightly different language to describe substantially the same invention." *Id.* We also found that a difference in claim scope was not fatal to the application of estoppel. *Id.* at 1343. The previously-invalidated claim contained a limitation requiring only polymeric gel, whereas the unadjudicated claim required, more specifically, block copolymer gel. *Id.* We held that, because the patentee failed to explain how the additional limitation would change an invalidity analysis, the pa-

---

[7]    The language of claim 15 is quoted, *supra*, n.2.

tentee had not met its burden in opposing summary judgment. *Id.*

The additional limitation here—transmitting a hypertext statement over the Internet, rather than over a generic network—does not materially alter the question of the validity of claim 39. In *Newegg*, as to the hypertext statement claims, the court noted that Newegg's expert Tittel had testified that CompuServe was not on the Internet. *Newegg*, 705 F.3d at 1343. We explained that, as conceded by Soverain's expert Shamos, the patentee "did not invent the Internet, or hypertext, or the URL." *Id.* at 1344 (citing Shamos testimony). "[T]he use of hypertext to [perform the limitations of the hypertext statement claims] was a routine incorporation of Internet technology into existing processes." *Id.* (citations omitted). Here, too, the routine incorporation of Internet technology in claim 39 does not change the invalidity analysis.

The invalidity of the asserted claims of the '314 and '492 patents is established by issue preclusion. The judgment of infringement and no invalidity accordingly is reversed.

**REVERSED**

Costs

Costs to appellants.

**CERTIFICATE OF SERVICE**

I certify that today, March 16, 2015, I electronically filed the foregoing Plaintiff-Appellee Soverain Software LLC's Petition for Rehearing En Banc with the Clerk of the Court for the U.S. Court of Appeals for the Federal Circuit using the appellate CM/ECF system.  Counsel of record for all parties will be served by the appellate CM/ECF system.


March 16, 2015                    /s/ Jeffrey A. Lamken
                                  Jeffrey A. Lamken